UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Diana Yousef,

    Plaintiff,

v.                                                                          Case No.: 10-11112
                                                                                                                   Honorable Sean F. Cox

TJX Companies, Inc., *et al.*,

    Defendants.
_____/

## OPINION & ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Diana Yousef ("Plaintiff") brought this personal injury action against Defendants The TJX Companies Inc. ("TJX") d/b/a Marshalls, and KIMCO Realty Corp., alleging a single count of negligence after an item fell from a shelf in one of Defendant's stores and struck Plaintiff in the head. In response to an order show cause issued to Plaintiff on July 11, 2011, Plaintiff stated that she did not intend to proceed with its case against Defendant KIMCO Realty Corp. and requested that the Court dismiss KIMCO Realty Corp. as a Defendant. Therefore, the only defendant remaining in this action is TJX. The matter is currently before the Court on TJX's motion for summary judgment. The parties have briefed the issues and the Court declines to hear oral argument pursuant to Local Rule 7.1(f)(2). For the reasons stated below, the Court shall DENY Defendant's motion for summary judgment.

## BACKGROUND

Plaintiff originally filed this action on February 5, 2010, in Oakland County Circuit Court. After receiving service of process on February 23, 2010, TJX removed the action to this

1

Court on March 19, 2010, based upon diversity jurisdiction. After the close of discovery, TJX filed the instant motion for summary judgment on April 11, 2011. (Def's Br., Doc. No. 21). After Plaintiff failed to timely respond to TJX's motion, the Court issued Plaintiff a show cause order on June 27, 2011. (Doc. No. 25). On July 7, 2011, Plaintiff filed a response to TJX's motion for summary judgment.

Pursuant to this Court's motion practice guidelines, both parties submitted statements of material facts not in dispute. The following facts are gleaned from the parties' submissions:

On August 23, 2008, Plaintiff was shopping in a Marshall's retail store located in Troy, Michigan. (Plf's Stmt. at ¶ 1). While in the bathroom accessory aisle, Plaintiff removed an item from the second shelf of that aisle. *Id*. at ¶ 2. While examining the item she removed, a tall, metal, bathroom, shelving unit (the "fixture"), located on the corner edge of the third (top) shelf, fell and struck Plaintiff on her head, face, and neck. As a result, Plaintiff alleges that she suffered injuries to her head, eye, face, neck, and back. (Complaint at ¶ 10).

## LEGAL STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admission on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must

set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)). In deciding a motion for summary judgment, a court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

In her complaint, Plaintiff alleges negligence on the part of TJX based upon a theory of premises liability. Specifically, Plaintiff alleges that TJX was negligent in failing to maintain the premises in a safe condition, failing to warn Plaintiff of a known hazardous condition, and failing to "properly and appropriately train, instruct, and supervise" TJX's employees. (Complaint at ¶ 10).

TJX contends that Plaintiff has failed to establish a genuine issue of material fact that: (1) a dangerous condition existed on TJX's premises and, even if one did exist, that dangerous condition was open and obvious; (2) a dangerous condition was caused by the active negligence of TJX, and (3) TJX did not have notice of a dangerous condition prior to the accident at issue. (Def's Mtn. ¶ 3).

I.  Was The Alleged Dangerous Condition Open And Obvious?

While a property owner is not required to make its entire premises "foolproof" *Hottmann v. Hottmann*, 226 Mich.App 171, 176 (1997), a premises owner "has a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition that the owner knows or should know the invitees will not discover or protect themselves against." *Hughes v. PMG Building, Inc.*, 227 Mich.App 1, 9 (1997). "[T]his

duty does not generally encompass removal of open and obvious dangers." *Lugo v. Ameritech Corp., Inc.*, 464 Mich. 512, 516 (2001). In order to determine if a danger is open and obvious, the Court looks to whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v. Burger King Corp.*, 198 Mich.App. 470, 475, 499 N.W.2d 379 (1993). "Once the defendant's legal duty is established, the reasonableness of the defendant's conduct under that standard is a question for the jury. *Riddle v. McLouth Steel Products Corp.*, 440 Mich. 85, 96-97 (1992).

Additionally, the Michigan Supreme Court has held that "if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo*, 464 Mich. at 386. The question is "whether the 'special aspect' of the condition should prevail in imposing liability upon the defendant or the openness and obviousness of the condition should prevail in barring liability." *Id*. at 517-18.

TJX contends that the items located on the third shelf were an open and obvious, dangerous condition, and therefore TJX owed no duty to Plaintiff. TJX states, "Average customers walking through the store aisles should be able to recognize the hazard of an item falling off the shelf." (Def's Br. at 1). TJX also asserts that there were no special aspects of the open and obvious condition such that the Court should impose liability against TJX. TJX, however, does not point toward any evidence to support either of these conclusory statements.

Plaintiff, however, asserts that the average customer with ordinary intelligence would not have been able to discover the risk of an item falling from the third shelf of an aisle. In support, Plaintiff relies on *Smith v. Home Depot U.S.A.*, Inc., 2000 WL 33522345 (Mich.App. 2000). In

*Smith*, the plaintiff injured her finger while reaching above her head for box of ceramic tile on a shelf in a Home Depot retail store. *Id*. at *1.  Plaintiff grabbed the box by its plastic binding and pulled it forward.  *Id*.  The box fell and landed on her hand, causing injury to her finger.  *Id*.  The Michigan Court of Appeals found that the box of ceramic tile stacked vertically on a shelf almost six feet from the ground is an open and obvious condition.  *Id*. at 2.  The court also held, however, that because the items are presented for self-service sale, the way in which the box of tiles was displayed created a condition that may cause an unreasonable risk of harm to a reasonably prudent person.  *Id*.  The Court concluded that "[b]ecause whether the condition poses an unreasonable risk of harm and what constitutes reasonable care are matters for the trier-of-fact. . . the trial court did not err in denying summary disposition and directed verdict."  *Id*. (internal citations omitted).

More recently, in *Cerrito v. K-Mart Corp.*, 2011 WL 1519649 (Mich.App. 2011), the Michigan Court of Appeals reversed a circuit court's decision to dismiss a case with facts very similar to the instant case.  In *Cerrito*, the plaintiff was browsing merchandise in a K-Mart store when she bent down to examine a statue that was for sale.  *Id*. at *1.  While examining that statue on the floor, the top half of an identical, unsecured statue fell from an overhead shelf, hitting the plaintiff and causing injury to her face and head.  *Id*.  Implying that the dangerous condition was not open and obvious, the court stated, "Contrary to the circuit court's view, the evidence in this case rationally supports that K-Mart breached a duty of care by placing unstable merchandise on a shelf.  As a business invitee, Cerrito was 'entitled to the highest level of protection' imposed under premises liability law."  *Id.* at *2 (internal citations omitted).

The Court agrees with Plaintiff that an item on the third shelf of a retail store is not an

5

open and obvious, dangerous condition. Here, TJX misconstrues the "open and obvious" exclusion of the reasonable care standard. While the item itself was open and obvious, the danger or risk of being hit by the object was not. Applying Michigan's objective test for an open and obvious condition, an average customer with ordinary intelligence would not have been able to discover the danger and the risk presented upon casual inspection. The items on the top shelf may have been visible, but an average customer would not have been able to foresee that, by a removing an item from the second shelf of an aisle, an item on the third shelf could fall.

As the court stated in *Cerrito*, "A storekeeper's duty of care indisputably encompasses rectification of insecurely fastened items displayed on high shelves." *Id*. at *2. Here, TJX had a duty to Plaintiff to safely stock the fixtures on the top shelf of the aisle.

II.     Was The Dangerous Condition Caused By The Negligence Of TJX?

Next, TJX contends that Plaintiff has not established that the dangerous condition resulted from the negligence of TJX. "[T]o state a negligence claim on which relief may be granted, plaintiffs must prove (1) that defendant owed them a duty of care, (2) that defendant breached that duty, (3) that plaintiffs were injured, and (4) that defendant's breach caused plaintiffs' injuries ." *Henry v. Dow Chem. Co.*, 473 Mich. 63, 71–72, 701 N.W.2d 684 (2005). Causation requires proof of both cause in fact and proximate cause. *Reeves v. Kmart Corp.*, 229 Mich.App. 466, 479, 582 N.W.2d 841 (1998).

TJX claims, "[T]here is no evidence as to what caused the object to fall from the third shelf" and also that Plaintiff has not presented evidence to show that TJX knew, or could have

known, of the dangerous condition.  TJX cites a number of cases[1] to support its proposition that "speculation alone does not create an issue of fact regarding causation." (Def's Br. at 5).  In each of the cases cited by TJX, the plaintiffs presented no evidence to create a genuine issue of material fact, and the defendants provided evidence to establish that their actions were not the proximate cause of the plaintiffs' injuries.

In this case, the opposite is true.  Defendant has provided no evidence of alternative causes of the accident, and Plaintiff has provided evidence that TJX created the hazardous condition.  Plaintiff presents the deposition testimony of Eris Rivero, a witness to the accident, and Barbara Buchan, a TJX employee.  From this testimony a reasonable juror could infer that TJX created the dangerous condition.

Mr. Rivero, who was shopping in the same aisle as Plaintiff, stated that he noticed the large fixtures on the top shelf of the aisle. (Rivero Dep. at 29).  He also stated that the particular shelf holding the fixtures were "very weak" and "wobbly." *Id*. at 29-3.  Mr. Rivero further testified that the item that fell on Plaintiff was "very much on the edge" of the corner of the shelf. *Id*. at 27.

Moreover, Mr. Rivero testified that he observed TJX employees taking down the fixtures from the third shelf soon after Plaintiff's accident.  Similarly, Ms. Buchan stated that she took down the fixtures after one of them fell on the Plaintiff.  Ms. Buchan testified:

> Q:   So, this item on the third shelf, were there other items of the same kind on that shelf?
> A:   I don't remember if there was exactly the same.  I know there

---

[1] TJX cites to *Borchak v. Meijer*, Inc., 2006 WL 448729 (Mich.App. 2006), *Studaker v. Target Corp.*, 2006 WL 891081 (Mich.App. 2006), and *Boyer v. Tagert Corp.*, 2005 WL 602563 (Mich.App. 2005).

           was other chrome bath accessories.
Q:    Do you know if, after this incident, Marshalls, your employees, moved the items off the top shelf, and moved them to a lower shelf or took them off that shelf?
A:    I believe that we took that particular toilet fixture down.
Q:    Any reason for that?
A:    Well, because she said it fell on her.
Q:    So, who would have taken those fixtures down?
A:    I would.
Q:    You would have, okay. So, did you do that?
A:    I believe I did. I believe, though, that – I don't remember if there was more than one particular one.

(Buchan Dep. at 15-16).

From the testimony of Mr. Rivero and Ms. Buchan, there is a question of fact that there were multiple bathroom accessories on the top shelf of the aisle, and that the top shelf was the designated area for these fixtures. Therefore, a juror could infer that TJX placed the large, metal fixtures, on a wobbly, six-foot-high shelf, and that the fixtures were not simply placed on the top shelf by a customer without the knowledge of TJX. Additionally, Buchan testified that TJX has a system of "recovery," which means that throughout the day, TJX employees replace and straighten the items on the shelves. (Buchan Dep. at 23-24). Thus, TJX should have known that the large items were placed on the top shelf of the aisle and that the aisle shelf was "wobbly."

While the Plaintiff has submitted minimal evidence, the Court finds that it is sufficient to create a genuine issue of fact that TJX breached a duty owed to Plaintiff by creating a dangerous condition that was not open and obvious. Plaintiff has also created a genuine issue of fact that TJX knew, or should have known of the dangerous condition which caused Plaintiff's injury, because a jury could infer that TJX placed the fixtures on the top shelf. TJX, however, has failed to support its conclusory challenges to Plaintiff's negligence claim with any of evidence of its own.

As stated in *Smith* and *Riddle*, *supra*, once a defendant's legal duty is established, the reasonableness of the defendant's conduct, and what constitutes reasonable care, are questions of fact for the jury.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that Defendant KIMCO Realty Corp. is DISMISSED as a defendant in this action.

IT IS SO ORDERED.

S/Sean F. Cox<br>Sean F. Cox<br>United States District Court

Dated: October 7, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 7, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez<br>Case Manager